# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10747
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 9, 2015

Lyle W. Cayce
Clerk

OFFICE OF MEDICAL AND SCIENTIFIC JUSTICE, Inc.,

Plaintiff-Appellant,

v.

JEFFREY TODD DESHONG,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-552

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Clark Baker brought suit against Defendant-Appellee Jeffrey DeShong asserting trademark infringement under the Lanham Act in addition to state law defamation and trademark infringement claims. Baker is a private investigator who operates the HIV Innocence Group under the federally registered "HIV Innocence Group" trademark. Baker, who believes that HIV does not cause AIDS, markets his services through the HIV Innocence Group to criminal defendants charged with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10747

violations of health-related laws, such as criminal HIV transmission cases. DeShong publishes information that is highly critical of Baker and the HIV Innocence Group on his website www.hivinnocencegrouptruth.com.    Baker's complaint alleged that the website infringes the HIV Innocence Group trademark.    The district court dismissed Baker's Lanham Act claims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss.    *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).    While we accept all-well pleaded facts as true and construe the complaint in the light most favorable to the plaintiff, we do not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" as true.    *Id.* (internal quotation marks omitted).

Based on a careful review of the record, the parties' respective briefs, and the relevant district court opinion, we conclude that the Rule 12(b)(6) motion to dismiss was properly granted on Baker's Lanham Act claims.    Because the district court's careful analysis thoroughly explains our reasoning, we need not engage in a redundant analysis simply to reach the same result.    We therefore AFFIRM for essentially the same reasons as the district court.[1]

---

[1] We do not disturb the district court's corresponding holding that Baker's state-law claims be dismissed without prejudice.